HENRY W. KERR, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, December 10, 1895.

Sales: BREACH OF WARRANTY: REMEDY OF VENDEE. When a breach of warranty occurs in the sale of a chattel and the purchase money has been paid, the vendee may either retain the property and sue for his damages, which in such case will by the difference between the value of the property as it was warranted to be and its value as it is, or he may return the property and sue for the purchase money and interest; but in the latter case he must act promptly on notice of the breach.

*Appeal from the Hannibal Court of Common Pleas.—* HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Charles M. Napton* for appellant.

*Fagg, Ball & Hicks* for respondent.

BIGGS, J.—This is an action to recover the purchase money of a jack. The jury returned a verdict for plaintiff for $843.48, and judgment was entered for that amount. The petition alleges a breach of warranty in the sale of the animal, and a rescission of the contract on account of it. The defendant has appealed and, among other things, complains of the plaintiff's instructions.

Where a breach of warranty occurs in the sale of a chattel and the purchase money has been paid, the vendee may retain the property and sue for the breach, or he may, on returning the property, promptly after the notice of the breach, rescind the contract and sue for the purchase money. *Pierce Steam Heating Company v. Siegel*, 60 Mo. App. 148; *Branson v. Turner*, 77 Mo. 489; *Johnson v. Whitman Agricultural Co.*, 20 Mo. App. 100. In the one case, the measure of damages is the difference between the marketable value of the property as warranted and its value as it was (*Layson v. Wilson*, 37 Mo. App. 636; *Stearns v. McCullough*, 18 Mo. 411), and in the other, purchase money with interest (*Berry v. Machine Company*, 62 Mo. App. 41).

In the case at bar the plaintiff purchased the jack from the defendant, and paid the latter $900 for it. He bought the animal for a breeder, and his claim is that the defendant expressly warranted it to be suitable in every respect for that purpose, and that, after trial, it failed in every particular to fill the terms of the warranty. As heretofore stated, the action is for the purchase money (and certain expenses) and was based on an alleged rescission of the contract, the petition alleging the breach of the warranty and the return of the animal within a reasonable time thereafter. The case as pleaded was substantially made out by the plaintiff's evidence, but the rule for the admeasurement of damages, as stated in his instruction, was the difference between the marketable value of the jack as warranted and his value as he actually was. This, as we have shown, was error. If this were the only error, we might affirm the judgment for the reason that the defendant was not prejudiced, the amount of the verdict being less than the amount which the plaintiff claimed that he paid for the jack, not including the expenses. But the plain-

tiff's instructions in other respects were drawn upon the theory that the action was for damages for the breach of the warranty, and hence were inapplicable to the cause of action stated in the petition and attempted to be established by the evidence. For instance, the jury were not required to find that the plaintiff returned the jack, or, if he did, that he acted seasonably. These elements were essential; for, otherwise, the action would have to be for damages for breach of the warranty.

With the concurrence of the other judges, the judgment of the Hannibal court of common pleas will be reversed and the cause remanded. It is so ordered.