THE ATKIN BROTHERS COMPANY, Respondent, v. SOUTHERN GRAIN COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. **SALES: Condition of Corn: Difference in Time.** The difference of a few days of time under the facts in the record could not have made any difference in the condition of the corn in question.

2. ———: **Rescission: Warranty: Pleading: Justices' Courts.** On a statement in a justice's court the plaintiff had the right to abandon his theory of rescission of the contract of sale and submit his case to the jury on the breach of an implied warranty, since there was ample evidence of such breach.

3. ———: **Damages: Instruction.** An instruction relating to the measure of damages while apparently subject to criticism, is held not misleading when taken in consideration with other instructions.

Appeal from Jackson Circuit Court.—*Hon. Hermann Brumback,* Judge.

AFFIRMED.

*Ringolsky & White* for appellant.

(1)    Technical rules applicable to pleadings in courts of general jurisdiction are dispensed with in causes originating before a justice of the peace, yet it is essential that the statement of the cause of action should be sufficiently specific to advise defendant of the nature of the claim so that he can make preparations upon an intelligent basis and meet the demand and cause of action suggested by the complaint, and it is error to give instructions authorizing a recovery on grounds different from those laid in the complaint.    McClure v. Feldman,

184 Mo. 710. (2). The instructions given for plaintiff are framed without regard to the allegations in the petition and the court cannot by an instruction change the issues made by the pleadings. A plaintiff can only recover on the case he states in his petition. Caffery v. Coal & Mining Co., 95 Mo. App. 180. (3) Where there is no evidence by which the elements of damages may be ascertained it is error to tell the jury that they may give plaintiff such damages as they may find he has suffered. Morrison v. Yancey, 23 Mo. App. 670; Cravens v. Hunter, 87 Mo. App. 495; Stephen v. Metzger, 95 Mo. App. 627; Haysler v. Owen, 61 Mo. 270; Matney v. Gregg, 19 Mo. App. 107; Rhodes v. Land Co., 105 Mo. App. 314.

*Botsford, Deatherage & Young,* and *Goodwin Creason* for respondent.

(1) There was an implied warranty that the corn was merchantable and reasonably fit for the uses to which it was ordinarily put. Benjamin on Sales (3 Amer. Ed. by Bennett), sec. 345; 2 Mechem on Sales, sec. 1340; Brewing Co. v. McEnroe, 80 Mo. App. 429; Babock v. Trice, 18 Ill. 420; Brown v. Emerson, 66 Mo. App. 63; Grain Co. v. Beubaker, 89 Mo. App. 1; Haner v. Churchill, 29 Mo. App. 676; Atkin Bros. Co. v. Grain Co., 119 Mo. App. 119. (2) It makes no difference if plaintiff did accept the corn before inspection of the same. The only office of inspection in executory sales is to determine in what respect and how far the commodity complies with the contract, expressed or implied. Lee v. Saddlery Co., 38 Mo. App. 201; Cathings v. Hocke, 15 Mo. App. 51; Moore v. Emerson, 63 Mo. App. 137; Electric Light Co. v. Lamar, 140 Mo. 145; Scheiber v. Anderson, 101 Fed. 763; 2 Mechem on Sales, sec. 1340; Atkin Bros. Co. v. Grain Co., 119 Mo. App. 125. (3) Plaintiff did not lose its right of action by exercising ownership after discovering the corn was defective. It

still had the right to retain the corn after discovering it was defective, and suing for the difference in its value as it actually was when it reached Shreveport, and its value at Shreveport had it been merchantable corn. Brewing Ass'n v. McEnroe, 80 Mo. App. 431; Martin v. Maxwell, 18 Mo. App. 176; Moore v. Emerson, 63 Mo. App. 137; 2 Mechem on Sales, sec. 1390; Long v. Armsby, 43 Mo. App. 253; Fairbanks Morse & Co. v. Baskett, 98 Mo. App. 52; Electric Light Co. v. Cleary, 77 Mo. 298; Atkin Bros. Co. v. Grain Co., 119 Mo. App. 126.

BROADDUS, P. J.—The plaintiff is a corporation doing a wholesale and retail business at Shreveport, Louisiana, and the defendant Issy Landa, a commission business under the name of the Southern Grain Company at Kansas City, Missouri.

The testimony showed that on the 15th of December, 1903, plaintiff telegraphed at Kansas City as follows: "Ship one car ear corn quick." On the same day the defendant answered the plaintiff's telegram as follows: "We have booked your order as per your wire of to-day for one car of corn in shuck at 47 and one-half cents per bushel, delivered at Shreveport, our certificate of weight to be accepted as final. The corn will be loaded and gotten to destination as promptly as railroad facilities will permit, but with the understanding that as we do not control the M., K. T. road no cancellation is permitted if delayed in transit, although we will follow with a tracer and do what we can to get to destination as quickly as possible." The M., K. and T. Railroad Company received the corn for Shreveport at Harwood, Missouri, on December 18, 1903. The bill for the corn amounted to $152,36 plus $66.28 for freight. A draft for the amount accompanied the bill of lading which was paid by plaintiff on December 24th, the corn having reached Shreveport the day previous. The corn was not inspected by plaintiff, but on Decem-

ber 26th he rebilled it to Lake End a station 56 miles be-
yond Shreveport.  After the corn reached Lake End it
was opened on the 29th of the month and inspected for
the first time.  The bill of lading permitted inspection
before acceptance of the corn and payment of the draft.

The plaintiff's evidence tends to show that the corn
upon being inspected proved to be in bad condition,
some of it rotten; and that corn shipped at that season
of the year, if sound would remain so, and would have
been sound when it reached its final destination at Lake
End.  The defendant's testimony tends to show that the
corn was sound when it was shipped; and that there
was a leak in the cars which might have admitted rain
and thus injured the corn.  The plaintiff did not offer
to rescind but retained the corn which was shown to
have been of but little value.  This is somewhat of a
general statement of the facts of the case. The plaintiff's
suit is to recover the money paid for the corn and the
charges for freight.  It recovered and the defendant ap-
pealed.

This case was here before on appeal by plaintiff and
reported in 119 Mo. App. 119.  It was reversed for er-
rors in the refusal of the court to give a certain instruc-
tion for the plaintiff and for giving the following one at
the instance of defendant:  "The court instructs the
jury that notwithstanding the corn in the shuck was in
bad condition when the car was opened, yet if the
plaintiff neglected to avail itself of any opportunities, if
any there were, to inspect said car of corn when it ar-
rived at Shreveport, Louisiana, as instructed in bill of
lading with draft attached, which bill of lading permit-
ted inspection before acceptance of said corn and pay-
ment of draft, and defendant was not guilty of any
fraud or fraudulent misrepresentations, then your ver-
dict must be for the defendant."  We held the instruc-
tion to be erroneous because in effect the jury were told,

130 App.—35

"that if plaintiff had opportunity to inspect at Shreveport before paying the draft he could not rely upon the implied warranty of sound and merchantable quality and must pay the full contract price." And that the question whether plaintiff had accepted the corn in discharge of the contract or had waived his warranty is one of fact to be determined by the jury. A discussion of the principle involved was gone into in the opinion which it is unnecessary to repeat.

But defendant contends that the court was mistaken in its statement of the time when the corn arrived at and was inspected at its final destination. This difference of a few days of time could not, under the evidence have made any difference in the condition of the corn at the actual date of its inspection.

The defendant's principal contention is that plaintiff was not entitled to recover under the pleading and evidence. The action was instituted before a justice of the peace where strictness of pleadings is not required. The action however amounts to an allegation of a breach of contract and offer to rescind. The court submitted the case to the jury solely on the ground of a breach of the contract as will be seen by inspection of instruction numbered one given for the plaintiff.

The plaintiff had the right to abandon its theory of a rescission of the contract and submit its case upon a breach of the contract. Although plaintiff sought to recover the full amount of the contract price of the corn plus the freight paid, it was not precluded from recovering for the actual amount of damages sustained. "When a breach of warranty occurs in the sale of a chattel and the purchase money has been paid the vendee may either retain the property and sue for his damages, which in such cases will be the difference between the value of the property as it was warranted to be and its value as it is; or he may return the property and sue for the purchase money and interest, but in the latter case

he must act promptly on notice of the breach." [Kerr v. Emerson, 64 Mo. App. 159.] Notwithstanding the form of plaintiff's statement it may be treated as an action for a breach of an implied warranty and there was no error in the giving of plaintiff's instruction submitting the case to the jury on that theory if there was any evidence to support it. As it has already appeared there was ample evidence of a breach of warranty, it only remains to be seen was there any evidence of damages. The defendant contends there was not.

The testimony showed that the corn was almost wholly without value when it reached Shreveport. All the evidence tends to support the conclusion that the condition of the corn when it arrived at Lake End must have been practically the same as it was when it arrived at Shreveport. The plaintiff paid for the corn and freight $218.64. The verdict was for $152, $66.04 less than the total paid for the corn on delivery. Referring to the evidence in detail we find that there was only about twelve bushels of corn that was of any value when it arrived at Lake End or Shreveport. Some of the witnesses say it was all rotten. The jury was liberal to defendant. It only allowed plaintiff by way of damages what he paid for the corn, and allowed him nothing for the $66.28, he paid for freight.

The defendant criticises the second instruction given for plaintiff, because the jury were left to determine for themselves what was the measure of plaintiff's damages. Standing alone it would have been prejudicial but when taken in consideration with the one preceding where the jury was properly instructed as to that matter, they could not have been misled. The defendant has made several objections to the admission and rejection of evidence mostly of a technical character. We do not deem them important, and whether there was or was not error in that respect the verdict of the jury could not have been otherwise. The verdict being for

the right party we are forbidden by the statute to reverse it notwithstanding there may have been error in the trial. Affirmed. All concur.