WM. L. LAYSON *et al.*, Respondents, v. JOHN P. WILSON, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1.    **Damages :** BREACH OF WARRANTY : INSTRUCTIONS.    In an action for the breach of warranty of a jack, the measure of damages is the difference between his value as warranted at the time and place of sale and his value as he was, and where an instruction taken in connection with the evidence clearly indicates that the value should be fixed at such time and place, it is sufficient, though it may not use the words, "value at the time and place of sale."

2.    ————: INSTRUCTION : EVIDENCE OF VALUE : PRICE.    And such instruction is good although the only evidence of value at such time and place is the price then and there paid.

3.    **Weight of Evidence :** CREDIBILITY OF WITNESS: DUTY OF JURY. The jury in determining the weight of evidence, and settling the conflicts of testimony, are not confined alone to the mere credibility of the witnesses, but should consider the evidence in the light of all the circumstances and of reason aided by experience and the ordinary transactions of men.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

Statement of the case by the court.

This is an action on the warranty of the qualities of a jack sold by defendant to plaintiffs. The matters of complaint are fully set out in plaintiffs' petition, the substance of which is as follows :

"That on or about the tenth day of February, 1887, in consideration that plaintiffs would buy a certain jack for the sum of five hundred dollars from defendant, he undertook and promised that the said jack was sound and a good, sure foal getter, and a quick jack to cover any mare inside of fifteen minutes without the aid or influence of a jennet. That plaintiffs relying on said warranty of said defendant * * * bought the said jack of the said defendant, and paid him the five hundred dollars. * * * That said jack at the time of said purchase was not sound, and was not a good, sure foal getter and was not a quick jack to cover, and that he would not cover a mare in fifteen minutes without the aid or influence of a jennet, and would not cover at all at any time without the aid of a jennet, and was entirely worthless without a jennet, contrary to said promise, warranty, etc., and that plaintiffs were deceived, etc. That plaintiffs have incurred heavy charges and expenses in transportation, keeping and feeding said jack and in having said jack examined and taken care of and in matters incidental thereto, and that said jack is of no value to these plaintiffs. That plaintiffs have sustained one thousand dollars damages by the said breach of warranty and undertaking by said defendant, for which plaintiffs ask judgment."

The answer was a general denial. The case was submitted to the jury under instructions from the court,

the jury found for the plaintiffs and assessed their damages at five hundred and fifty-one dollars and twenty-five cents, and after the unsuccessful motion for a new trial defendant appealed to this court.

*Barker & Shackelford* and *John M. Barker*, for the appellant.

(1) The first instruction given by the court on its own motion was erroneous, because there was no evidence in the cause tending to show that defendant had ever represented the jack as a sure foal getter. (2) The second instruction given by the court was erroneous, because there was not a particle of evidence in the case to show what the cash value of the jack was at the time or place of sale. *Sterns v. McCulloch*, 18 Mo. 411; *Soper v. Breckenridge*, 4 Mo. 14. And because the instruction assumes that defendant made the "representations" claimed by plaintiff. *Peck v. Ritchey*, 66 Mo. 114; *Jones v. Jones*, 57 Mo. 138; *Hall v. Johnson*, 57 Mo. 521; 39 Ill. 26; 44 Ill. 355; 83 Ill. 150; 52 Ala. 395; 94 U. S. 610; 59 Ind. 105; 21 Minn. 442; 44 Ia. 343. (3) The court erred in refusing to give the defendant's instruction to the effect that if plaintiff and defendant were of equal credibility the verdict should be for the defendant for the reason there was no evidence in the case as to the alleged warranty except Mr. Layson affirmed it and Mr. Wilson denied it. (4) The court erred in overruling defendant's motion for a new trial. Because the verdict was against the evidence—indeed there was no evidence at all to show what such a jack (as claimed to be represented) was worth at the time and place of sale. (5) Instruction number 2 was erroneous and should not have been given as there was no evidence in the cause on which to base such instruction —there was no evidence as to the actual value of the jack at the time and place of sale—nor was any evidence

offered in the cause as to the value of the jack at the time and place of sale, if it had been such a jack as plaintiff alleged defendant represented it to be. The said instruction number 2 did not direct the jury's mind to the time and place of sale, in arriving at the amount of damages, the said instruction only went to the place of sale regardless of the time of sale. Story on Sales [ 4 Ed. ] sec. 454.

*W. O. Forrist* and *Sol. Hughlett*, for the respondent.

The instruction given by the court of its own motion does fix the rule of damages for breach of the warranty to be the value at time and place of sale. There was ample evidence for this instruction to apply. The agreed price was evidence of the value of the jack if he had been equal to the warranty at the time and place of sale. So the evidence that the jack was worthless was evidence tending to show him of no value when and where the sale was made, and the record discloses other items of evidence so tending.

GILL, J.—From an examination of the record of this case we discover no substantial reason for disturbing the judgment of the circuit court. Defendant's counsel make some complaint as to the two instructions given by the court of its own motion, but it seems the court thereby fairly presented the issues made by the pleadings, and suggested by the evidence, for both parties to the cause. By instruction number 2 the jury were correctly advised that the measure of damages, if they found for plaintiffs, was the difference between the value of the jack if he had been as warranted and his value as he was.

Although the court did not use the words *"the value at the time and place of sale,"* yet the words of

the instruction taken in connection with the evidence, clearly indicated that such value should be fixed at the *time* as well as the *place* of sale. Defendant's counsel further complain of this second instruction, requiring the jury to determine the *quantum* of damages by reference to the value of the jack at the time of sale if he had been as represented, because counsel say that there was no evidence whatever as to what was the value of the jack if he had been as warranted. It is true, as counsel state, that the only evidence tending to fix such value is the price agreed upon and paid at the time of purchase. This, however, is quite persuasive evidence of such value. The price paid is regarded as strong evidence of the value of the animal, at the time and place of purchase, if sound and of the quality represented by the vendor. *Cary v. Gruman*, 4 Hill. 625; *Fisk v. Hicks*, 31 N. H. 535; *Page v. Parker*, 40 N. H. 48.

II.   It is further claimed by the defendant that the trial court erred in refusing to give the defendant's instruction to the effect that if plaintiff Layson and defendant Wilson were of equal *credibility* the verdict should be for the defendant. The theory, upon which this instruction was asked, was, doubtless, that as the burden of proving that defendant warranted the animal sold was on plaintiffs, and that as Layson gave one and Wilson another version of the transaction, the jury should have found the issue for defendant, *if both witnesses were equally credible.* But the jury in determining the weight of evidence, and settling conflicts of testimony, are not confined alone to the mere *credibility* of the witnesses adduced at the trial.   It is equally the province of these triers of the facts to consider the evidence, as given by the witnesses, in the light of all the circumstances—to consider the same in the light of reason —which story better consists with experience and the ordinary transactions of men—to observe the conduct of the witnesses on the stand, etc., and by these determine

where the truth resides. Juries are not bound in settling such conflicts in the evidence "to count noses."

Hence the court, in this case, very properly refused to so instruct the jury, as requested by defendant.

Detecting no substantial error in this record, we affirm the judgment of the circuit court. The other judges concur.