# TRIMBLE et al. v. KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY, Appellant.

**Division One, March 17, 1904.**

1. **ACTIONS: In Personam and In Rem.** A suit by attorneys against a railroad company for services rendered in its consolidation with other companies and in creating a fund with which to pay its debts and expenses, in which no attempt is made to have their claim made preferential against the assets of the company in the hands of a receiver of the company, is simply an action *in personam*. But a proceeding by which a receiver was appointed, which brought the conflicting interests of the creditors of the company and its stockholders together and resulted in the foreclosure of a mortgage and the sale of its assets, and also an intervening petition in that court brought by the attorneys for the receiver asking for the payment for services rendered him and that the claim allowed be made preferential against the assets in his hands, are actions in rem.

2. ———: ———: **Action Pending: Bar: Attorney's Fees: Intervening Petition In Federal Court: Abandonment.** The Federal court, which had appointed a receiver of defendant railroad company, made an order that all persons who held claims against the defendant and who desired to participate in the distribution of the assets in the hands of the receiver should present them for allowance to that court or sue upon them in some other court of competent jurisdiction, within a certain time, and within that time plaintiffs brought this suit in the State court for services rendered the defendant as attorneys, and afterwards filed a supplemental intervening petition in the Federal court in which they recited the filing of a former intervening petition for services rendered the receivers, and stated therein that they filed the supplemental intervening petition so as to cover all their claims and to show that suit was pending therefor in another court of competent jurisdiction, and claimed that their demand was preferential and should be allowed and paid out of the assets in the hands of defendant's receiver. *Held*, that, as plaintiffs do not ask that the question of their right to participate in the assets in the hands of the receiver be determined in this action, but simply ask for a personal judgment against defendant, the subject-matter involved in this suit is not the same as that involved in their supplemental in-

tervening petition in the Federal court, and hence the plea of prior action pending is not tenable. *Held,* also, that the bringing of this suit and the filing of the supplemental intervening petition in the Federal court, was an abandonment of the prior intervening petition filed by the plaintiffs against the receiver.

3. ——: Services Rendered Receiver and Insolvent: Payment. Payment for services rendered a receiver after the *res* was taken away from the defendant, is not payment for services rendered defendant both before and subsequent to the receiver's appointment in organizing a new company to buy defendant's properties and in creating a fund by which defendant's debts are paid and new values are added to its stock.

4. INTEREST: Unliquidated Claim: Demand. Under the statute of this State the creditor is entitled to interest on his unliquidated claim from the time it becomes due and demand is made for its payment. And the institution of a suit for the claim is a sufficient demand.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* and *Samuel W. Sawyer* for appellant.

(1)   The United States court by the foreclosure proceedings and other proceedings therein, and particularly by the filing of plaintiffs' intervening petition, having first obtained complete jurisdiction over the subject-matter and the parties to this controversy, the trial court should have refused to entertain jurisdiction, or at least should have stayed proceedings until the intervening petition of plaintiffs pending in the United States court should have been heard and determined. 17 Am. and Eng. Ency. of Law (2 Ed.), 180; Hardware Co. v. Building Co., 132 Mo. 442; Butler v. Mining Co., 139 Mo. 467; Robinson v. Investment Co., 80 Mo. App. 621; Watson v. Jones, 13 Wall. (U. S.) 679; Harkrader v. Wadley, 172 U. S. 148; Ex parte Balch, 3 McLean 221, Fed. Cas. No. 790; Earl v. Raymond, 4 McLean

233, Fed. Cas. No. 4243; Nelson v. Foster, 5 Biss. 44, Fed. Cas. No. 10105; Brooks v. Mills County, 4 Dill. 524, Fed. Cas. No. 1955; Radford v. Folsom, 14 Fed. 97; Sharon v. Terry, 36 Fed. 337, 1 L. R. A. 572; Jessup v. Railroad, 44 Fed. 663; President, etc., v. Merritt, 59 Fed. 6; Foley v. Hartley, 72 Fed. 570; Marks v. Marks, 75 Fed. 321; Gamble v. San Diego, 79 Fed. 487; Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518; Hughes v. Green, 84 Fed. 833, 28 C. C. A. 537; Fidelity, etc., Co. v. Norfolk, etc., Co., 88 Fed. 815; Ryan v. Railroad, 89 Fed. 397; Rodgers v. Pitt, 96 Fed. 668; Mercantile, etc., Co. v. Roanoke, etc., Co., 109 Fed. 3; State Trust Co. v. Railroad, 110 Fed. 10; Starr v. Chicago, etc., Co., 110 Fed. 3; Stewart v. Railroad, 117 Fed. 782; Farmers, etc., Co. v. Chicago, etc., Co., 118 Fed. 204; Union, etc., Co. v. Riggs, 123 Fed. 312; Smith v. Atlantic, etc., Co., 2 Fost. (N. H.) 21; Wilson v. Milliken, 113 Ky. 165, 44 S. W. 660; Ewing v. Mallison, 65 Kan. 484, 70 Pac. 369; Riesener v. Railroad, 89 Tex. 656, 36 S. W. 53; Ins. Co. v. Howell, 24 N. J. Eq. 238; note in 29 Am. St. Rep. 312. (2) The plaintiffs have already received compensation from the receivers for the services sued for in this case. Gluck & Becker, Receivers (2 Ed.), sec. 42; High, Receivers (3 Ed.), sec. 314; Beach, Receivers (2 Ed.), sec. 373; Weeks, Attorneys at Law, sec. 271; Berry v. Rood, 168 Mo. 316; Macdonald v. Wagner, 5 Mo. App. 56; Clark v. Railroad, 66 Fed. 16; Platte v. Railroad, 65 Fed. 872; Mason v. Henry, 152 N. Y. 537; Lily v. Rosencrans, 55 Barb. (N. Y.) 202; Railroad v. Railroad, 63 N. W. 1035; Strong v. International Union, 183 Ill. 97, 55 N. E. 675, 47 L. R. A. 792. (3) The plaintiffs' claim, if any, was an unliquidated one, and therefore the court erred in allowing the plaintiffs interest from the date of the filing of their petition. 16 Am. and Eng. Ency. Law (2 Ed.), 1015; Dozier v. Jerman, 30 Mo. 216; McCormack v. Lynch, 69 Mo. App. 524; Laming v. Peters Shoe Co., 71 Mo. App. 646; Murray v. Ware, 1 Bibb (Ky.)

325, 4 Am. Dec. 637; Swinnerton v. Argonaut, etc., Co., 112 Cal. 375, 44 Pac. 719; Hadley v. Ayres, 12 Abb. Pr. (N. S.) 240; Colorado, etc., Co. v. John, 5 Colo. App. 213, 38 Pac. 399; Louisville, etc., Co. v. Hargis, 33 S. W. 946.

*Eaton & Loomis* for respondents.

(1)  Whether the defense set up in the answer is a plea in abatement, a plea to the jurisdiction, or a plea of first acquired jurisdiction is wholly immaterial under the authorities; as appears from the language of the answer, the defense, whatever it is, rests only upon what is called a suit pending in the Federal court.  Under all rules of pleading, the amended statement supersedes previous statements.  The claim in the Federal court is neither, another suit pending, nor is it first acquired jurisdiction: (a) Here it is against the corporation for services rendered.  There it is (should the contingency of a judgment obtained arise) a demand upon the judgment against the property under the jurisdiction of the Federal court, or the proceeds of its sale. (b) The parties are not the same, because, in the Federal court, the property has passed to the purchasing company, and it has been made a party defendant. (c) The subject-matter is not the same because this is an action for a personal judgment, while the claim in the Federal court is only against specific property and can go no further. (d) The relief sought is not the same, or anything like the same; for instance, a personal judgment is here sought against the Kansas City, Pittsburg & Gulf Railroad Company, while in the Federal court it is sought to have such judgment allowed as a preferential claim; it is only in that court at all in advance of the judgment here because of the limitation period fixed by the decree. (2) A suit pending in a Federal court does not abate or defeat a suit in the State court, although in the same district.  Cooper v. Newell, 173 U. S. 555; Stanton v.

Embrey, 93 U. S. 548; Bowne v. Joy, 9 Johns. 221; Hatch v. Spofford, 22 Conn. 497; Maule v. Murray, 7 T. R. 466; Imlay v. Ellefsen, 2 East 457; Colt v. Partridge, 7 Met. 572; Smith v. Lathrop, 44 Pa. 328; Cox v. Mitchell, 7 C. B. (N. S.) 55; Wood v. Lake, 13 Wis. 91; Wadleigh v. Veazie, 3 Sumn. 167; Loring v. Marsh, 2 Cliff. 322; White v. Whitman, 1 Curt. 494; Salmon v. Wooten, 9 Dana 422; Yelverton v. Conant, 18 N. H. 124; Walsh v. Durkin, 12 Johns. 99; Davis v. Morton, 4 Bush 444; Gordon v. Gilfoil, 99 U. S. 168; Pierce v. Feagans, 39 Fed. 587; Sharon v. Hill, 22 Fed. 28; Mfg. Co. v. Scutt, 22 Fed. 710; Rodgers v. Pitt, 96 Fed. 677; Leidigh Carriage Co. v. Stengel, 95 Fed. 642; Ryan v. Railroad, 69 Fed. 407; Brendell v. Charch, 82 Fed. 262; Chaw v. Lyman, 79 Fed. 3; Gamble v. San Diego, 79 Fed. 500; Deming v. Ins. Co., 78 Fed. 4; Gassman v. Jarvis, 100 Fed. 146; City of Muskegon v. Clark, 62 Fed. 698; Kittredge v. Race, 92 U. S. 116; Life Ins. Co. v. Harris, 96 U. S. 588; Railroad v. Barton, 57 S. W. 292; Bank v. Bonney, 101 N. Y. 173, 4 N. E. 332; Litchfield v. Brooklyn, 34 N. Y. Supp. 1090; Checkley v. Steamship Co., 60 How. Pr. 511; Wurtz v. Hart, 13 Iowa 518; Hampton's Heirs v. Barrett, 12 La. 159; Caine v. Railroad, 41 Pac. 904; Oneida Bank v. Herrenden (N. Y.), 4 N. E. 332; Hill v. Hill, 28 S. E. 301; McJilton v. Love (Ill.), 54 Am. Dec. 449; Davis v. Morton Galt & Co. (Ky.), 96 Am. Dec. 309; Kirkpatrick v. Railroad (Neb.), 41 Am. St. Rep. 757, 57 N. W. 664; Allen v. Watt, 69 Ill. 655; Burgeois v. Jacobs (45 La. Ann.), 14 So. 68; State v. Railroad (La.), 7 So. 84; Mix v. Creditors (La.), 2 So. 391; Mitchell v. Bunce, 2 Paige 620; Burrows v. Miller, 5 How. Pr. 51; Cook v. Litchfield, 5 Sandf. 330; Hollister v. Stewart, 19 N. E. (N. Y.) 782; Bank v. Bonney, 101 N. Y. 173, 4 N. E. 332; Lowry v. Hall, 2 Watts & S. 129, 37 Am. Dec. 495; Davis v. Morton, 4 Bush 442, 96 Am.

Dec. 309; Smith v. Lathrop, 44 Pa. St. 326, 84 Am. Dec. 448; Lockwood v. Nye, 2 Swan 515, 58 Am. Dec. 73; McJilton v. Love, 13 Ill. 486, 54 Am. Dec. 449; State v. Boyce, 72 Md. 140, 20 Am. St. Rep. 458; Beyersdorf v. Sump, 39 Minn. 495, 12 Am. St. Rep. 678; Mandeville v. Avery, 127 N. Y. 376, 21 Am. St. Rep. 678; Phelps v. Railroad, 37 Minn. 485, 5 Am. St. Rep. 867; 1 Ency. Pl. & Prac. 764; State ex rel. v. Dougherty, 45 Mo. 294.    (3)   There is no conflict of jurisdiction in this case. Beach on Receivers, sec. 468; Pringle v. Woolworth, 90 N. Y. 502; Cooper v. Newell, 173 U. S. 555; 5 Ency. Pl. & Pr., 465 and 467; Harkrader v. Wadley, 172 U. S. 148; Railroad v. Howard, 74 U. S. 392; Story, Eq. Juris. (9 Ed.), sec. 1252; Mumma v. Potomac Co., 8 Pet. 286; Wood v. Dummer, 3 Mass. 308; Vose v. Grant, 15 Mass. 522; Spear v. Grant, 16 Mass. 14; Trust Co. v. Railroad, 174 U. S. 674; Trust Co. v. Railroad, 101 Fed. 632; 1 Thomp. on Corp., 332, 333; Alexander v. Rolfe, 74 Mo. 495; Robinson v. Lane, 49 Ga. 357; Linn v. Robertson, 6 Wall. 277; Powell v. Railroad, 42 Mo. 63; Mining Co. v. Mining Co., 116 Ill. 170; Hastings v. Drew, 50 How. Pr. 254, 76 N. Y. 9; Bartlett v. Drew, 57 N. Y. 587; Howe v. Robinson, 20 Fla. 352; National Trust Co. v. Miller, 33 N. J. Eq. 155; Shield v. Ohio, 95 U. S. 324.   It has been frequently held that the assets of the old corporation in the hands of a new corporation may be subjected in equity to the debts of the old corporation where the transfer is so made as to recognize the interest and rights of the stockholders of the transferrer to the exclusion of the general creditors, such a transfer being treated and held as in effect hindering and delaying the general creditors in the collection of their debts, and therefore fraudulent.   Blair v. Railroad, 22 Fed. 36; Livingston Co. Agricultural Soc. v. Hunter, 110 Ill. 155; Marshall v. Railroad, 92 N. Car. 322; Von Glahn v. De

Rossett, 81 N. Car. 467; Railroad v. Rollins, 82 N. Car. 523; Dobson v. Simonson, 86 N. Car. 492; Vose v. Cowdrey, 49 N. Y. 336; Georgia Ice Co. v. Porter, 70 Ga. 637; Hibernia Ins. Co. v. Transp. Co., 13 Fed. 516; Railroad v. Evans, 6 Heisk. (Tenn.) 607; Slattery v. Transp. Co., 91 Mo. 227; Hibernia Ins. Co. v. St. Louis, etc., Co., 10 Fed. 596; Railroad v. Dienelt, 133 Pa. St. 585; Dean v. Lead Co., 59 Mo. 524; Reading v. Wedder, 66 Ill. 80; Evans v. Railroad, 106 Mo. 594; Lindell v. Benton, 6 Mo. 361; Railroad v. Musselman, 2 Grant's Cases 348; Railroad v. Evans, 6 Heisk. 607; Shackelford v. Railroad, 52 Miss. 159; Wood on Railway Law, p. 1683; Wait on Insolvent Corporations, sec. 448. (4) Respondents insist that there are but two real points of controversy in the case. They are: (a) did plaintiffs, as the attorneys of the defendant, render the legal services sued for? And (b) what was their value? The elements to be considered in estimating the value of legal services have been collected and enumerated in a recent decision of the Supreme Court of Rhode Island. Gorman v. Bannigan, 46 Atl. 38. They are there stated to be: 1, responsibility; 2, care; 3, mental labor; 4, actual labor performed; 5, nature of the service; 6, questions involved; 7, result obtained; 8, attorney's standing in the profession; his learning and skill; 9, the price usually charged for like services. Cases bearing upon the character and value of legal services are numerous; the following are in point: Wood v. Kohn, 58 Fed. 465; Selover v. Bryant, 56 N. W. 59; Eggleston v. Boardman, 37 Mich. 17; Stanton v. Embrey, 93 U. S. 548; People v. Bond. St. Sav. Bank, 10 Abb. N. C. 15; Garfield v. Kirk, 65 Barb. 464; Lombard v. Bayard, 1 Wall. Jr. 196; Stevens v. Ellsworth, 63 N. W. 683; Clark v. Ellsworth, 104 Iowa 444, 72 N. W. 1023; Butler v. King, 48 S. W. 697; Sanders v. Seelye, 21 N. E. 601; Randall v. Packard, 142 N. Y. 47, 36 N. E. 623; Whitney v. New Orleans, 54 Fed. 614, 5 C. C. A. 521; Railroad v. Clark, 81 Tex. 46, 16 S. W. 631; Smith v. Railroad,

60 Iowa 516, 15 N. W. 291; Ottawa University v. Park-
inson, 14 Kan. 159; Bank v. Coombs, 7 Pa. St. 545;
see, also, cases collected in notes 1 and 3 in 3 Am. and
Eng. Ency. Law (2 Ed.), 422.   (5)   The effect of the
amended statement of claim filed in the Federal court is
to remove from that court all questions as to the adjudi-
cation of plaintiff's demand against the defendant
here.   In such respects the amendment has all the force
of a dismissal.   It is the settled law of the State that a
dismissal of the prior suit avoids the plea in abatement.
Warden v. Burry, 117 Mo. 541; Carson-Rand Co. v.
Stern, 129 Mo. 387; Williams v. Glenny, 16 N. Y. 389.
(6)   The institution of the action was a sufficient de-
mand to authorize the judgment for interest.   Demsey
v. Schwacker, 140 Mo. 690; Patterson v. Mo. Glass Co.,
72 Mo. App. 492; Williams v. Railroad, 153 Mo. 547;
Brown v. Brown, 124 Mo. 79; Berner v. Bagnell, 20 Mo.
App. 543; Sanding v. Peters Shoe Co., 71 Mo. App.
646; McCormack v. Lynch, 69 Mo. App. 524; Dozier v.
German, 30 Mo. 216.

MARSHALL, J.—This is an action of assumpsit
to recover ten thousand dollars attorneys' fees, for ser-
vices rendered by the plaintiffs to the defendant, be-
tween April 1, 1899, and April 1, 1900.   The petition
alleges that the services were rendered in connection
with the scheme of reorganization of the defendant com-
pany, and the paring down and funding of its debts,
bonds and stocks and the payment of its floating obli-
gations, and the consolidation of the defendant com-
pany with other connecting and terminal companies so
as to form a continuous line from Kansas City, Mis-
souri, to Port Arthur, Texas.   The answer is a general
denial, with special pleas of prior action pending and of
payment.   The reply is a general denial.   The plain-
tiffs recovered judgment for ten thousand dollars, with
interest from the institution of this suit, and the de-
fendant appealed.

It is not necessary for the determination of this case to make any detailed or extended statement of the nature or character of the services that the plaintiffs rendered the defendant, nor to follow the elaborate scheme that was devised and carried out for the reorganization and consolidation of the defendant company with the other connecting and terminal companies. It is enough to say that the defendant company was in bad shape, had a large floating debt, had defaulted in the payment of interest on its bonded debt, and that its creditors were at outs with respect to what should be done, and that all differences were adjusted, the practical consolidation effected, the obligations pared down and adjusted, the stockholders saved a large part of their investments, the floating debt was paid or provided for, and a fund of several million dollars created to pay expenses and betterments. This was effected mainly through receiverships, first in the State courts, and afterwards in the Federal courts, which brought the conflicting interests together and resulted in a foreclosure sale of the property and assets of the defendant company and the purchase of the same by a company, the Kansas City Southern Railway Company, organized for the purpose.

The plaintiffs filed an intervening petition in the case in the Federal court, on March 20, 1900, for services rendered the defendant, asking five thousand dollars for their services, and that it be paid out of the assets in the hands of the receiver. Thereafter on April 18, 1900, the Federal court made an order that all persons who held claims or demands against the defendants and who desired to participate in the distribution of the assets in the hands of the receiver, resulting from the foreclosure sale and other money that came into the hands of the receiver, should present them for allowance to that court or sue upon them in some other court of competent jurisdiction within six months of the date of the publication of such order, or be forever barred

from participation in such assets.   Thereafter on September 19, 1900, the plaintiffs began this action in the circuit court of Jackson county.   And afterwards on October 29, 1900, they filed a supplemental intervening petition in the Federal court, in which they recited the filing of the first intervening petition for a portion of their services, and stated that they filed the supplemental intervening petition so as to cover all their claims and so as to show suits pending therefor, and recited that they had instituted this suit in the circuit court of Jackson county as aforesaid.   And the plaintiffs claimed that said demand was preferential and should be allowed and paid out of the assets in the hands of the receiver.   Nothing further had been done therewith in the Federal court at the date of the trial of this case. It did appear, however, that the plaintiffs and Frank Hagerman, Esq., had been appointed attorneys for the receiver by the Federal court, and that they had rendered him all necessary legal services and had been paid therefor, but it did not appear that the services involved in this case were included in such payments.

## I.

The defendant's first contention is that the plaintiffs had a prior action pending in the Federal court for the same subject-matter that is involved in this case, and, therefore, this action should be abated, or at any rate that all proceedings herein should be stayed until the termination of the case in the Federal court.

The general rule is thus tersely stated in 1 Ency. Pl. & Pr., p. 764:   "The doctrine is well settled that an action *in personam* in a foreign jurisdiction can not be pleaded in abatement of another action commenced in a domestic forum, even if there be identity of parties, of subject-matter, and of the relief sought.   In the application of this rule the States of the Union are regarded as foreign to one another, as are also the courts

of a State and a Federal court held in another State or district. Whether the pendency of a suit in a State or Federal court in the same district may be successfully pleaded to the prosecution of a like suit in the other court is a question upon which the authorities are conflicting.''

In addition to the great number of cases cited in the notes to the text, the counsel in this case have collected what appears to be all the authorities bearing upon the proposition, and as those cases will be collated by the reporter in connection with this opinion, it is not necessary to set them out here, especially as the decision of the case does not require a discussion or adjudication in this jurisdiction of the principles there discussed.

This is strictly a proceeding *in personam*. The main case in the Federal court is essentially a proceeding *in rem,* as are also the intervening petitions. In this case, nothing but a personal judgment is asked. In the Federal court the primary object of the main case was to seize and administer upon the assets belonging to the defendant. No order of dissolution of the corporation was asked or granted in that court and no personal judgment over was asked in that court in respect to any claim presented. If the object or purpose or effect of this action was to interfere, in the slightest degree, with the assets or property in the hands of the Federal court, this action would not be tolerated for a moment. [Neun v. Blackstone B. & L. Assn., 149 Mo. 74; State Trust Company v. Railroad, 110 Fed. 10.] But such is not the case here. The plaintiffs claim that the defendant owes them this debt, and there is no case pending in the Federal court or in any other forum to try that question. The judgment in this case can only settle the question of indebtedness. The Federal court by its order of April 18, 1900, expressly authorized the plaintiffs to present their claim for allowance to that court or ''to sue thereon in some other court of com-

petent jurisdiction.'' The plaintiffs elected to take the latter course. Whether the judgment that is obtained in this case shall be allowed as a preferential claim and be paid out of the assets in the hands of the receiver, is a question that can only be decided by the Federal court. The plaintiffs do not ask that the question of their right to participate in the assets in the hands of the receiver be settled in this case, and the trial court did not attempt to do so. Therefore, the subject-matter involved in this suit is not the same as that involved in the plaintiffs' intervening petition in the Federal court, and hence the plea of prior action pending is not tenable.

It is true that it appears that on March 20, 1900, the plaintiffs filed an intervening petition in the Federal court, asking an allowance of five thousand dollars, and that it be paid out of the assets in the hands of the receiver, and if this was all that appeared as to the proceedings in the Federal court in plaintiff's behalf, the question of prior action pending, and whether the doctrine applied to cases pending in a State court and in a Federal court in the same State and district, might possibly arise and have to be adjusted. But this is not all that so appears. On the contrary it appears that after the Federal court made the order of April 18, 1900, and within the time limited thereby, the plaintiffs began this suit, and thereafter they filed a supplemental intervening petition in the Federal court in which they recited that they had instituted this suit in the State court, they claimed that the judgment to be rendered in this case would be a preferential claim and should be paid out of the assets in the hands of the receiver. This action of the plaintiffs is a clear abandonment of the first intervening petition, and a substitution of a suit in the State court to settle the question of indebtedness, and an intervening petition in the Federal court to have the judgment recovered in the State court allowed by the Federal court as a preferential claim and

paid out of the assets. Under this state of the matter, the Federal court is no longer asked to adjudicate whether or not the defendant owes the plaintiff anything. If the State court adjudges that the plaintiffs have no claim against the defendant, that will end the whole matter, for there will be nothing for the Federal court to allow or disallow as a preferential claim. If the State court renders a judgment in favor of the plaintiffs, that will not settle the question of whether it shall be allowed as a preferential claim, and the Federal court might or might not so allow it. Therefore, the question of indebtedness can only be tried once, and that in the State court, and the question of whether the indebtedness, if found to exist, shall be allowed as a preferential claim, can only be tried once, and that in the Federal court. If the State court decides that the defendant owes the plaintiffs the debt, that question can not afterwards be litigated in the Federal court, but that court will treat the judgment of the State court as conclusive on that question, for it expressly allowed such a proceeding to test the question of indebtedness by its order of April 18, 1900.

Therefore, there can never be any conflict of jurisdiction between the State and Federal courts in this case, and as the reason of the rule underlying the doctrine of prior action pending is, that the defendant shall not be called upon to defend two suits involving the same subject-matter, at the same time, in two different forums, the rule does not apply in this case.

If after a judgment is rendered in plaintiff's favor in this case, the Federal court refuses to allow the judgment as a preferential claim, that action will have no effect upon the validity of the judgment, but will affect only the question of the satisfaction of the judgment. The plaintiffs would still be entitled to enforce the judgment in any way except possibly as it might affect the title to property devolved by the judgment of foreclosure of the Federal court. However, these are ques-

tions not arising upon this record and as to which it would be improper to express any opinion in this case.

It follows that the contention that there was a prior action pending in the Federal court must be resolved against the defendant.

## II.

The plea of payment is likewise untenable. What the plaintiffs received as attorneys for the receivers manifestly could not cover the services involved in this case. That compensation was for services rendered to the receiver after the *res* was taken away from the defendant, and placed in the hands of the receiver. The services here involved were services rendered to the defendant, and in view of the results attained, they were well worth the amount claimed and have not been paid for.

## III.

Lastly, it is contended that the plaintiffs are not entitled to interest from the date of the institution of this suit, because the demand is unliquidated. The general rule is as claimed by defendant. [16 Am. and Eng. Ency. Law (2 Ed.), p. 1015.] But under the statute of this State (sec. 3705, R. S. 1899) interest is allowed "on accounts after they become due and demand of payment is made," and the institution of a suit is a sufficient demand. [Brown v. Brown, 124 Mo. 79; Dempsey v. Schawacker, 140 Mo. l. c. 690.]

Interest is allowable under the statute on unliquidated claims from the date of demand. [Ryans v. Hospes, 167 Mo. 342.] In that case the claim was for services rendered as a nurse and interest was allowed from the date of the demand made upon the administrator. [See, also, Evans v. Brass Mfg. Co., 118 Mo. 548.]

No error appearing in the record, the judgment of the circuit court is affirmed.    All concur.