LOUIS L. YOUNG, Respondent, v. WILLIAM S. VAN NATTA et al., Appellants.

Kansas City Court of Appeals, June 5, 1905.

1. **SALES: Warranty: Evidence.** The intention of a vendor to warrant the soundness of an animal for the purpose of inducing the purchase, and the reliance of the vendee upon the representations made to that end, constitute an express warranty without the use of formal words.

2. ———: ———: ———: **Court and Jury.** The office of the jury is to weigh evidence and decide issues of fact about which reasonable minds might differ; but when an essential fact must be deduced from others and the basic facts are admitted and the inference to be drawn therefrom certain and indispensable, the jury has no function to perform; and the court must in-

terpret a contract which is definitely known, whether it be in writing or verbal; and a vendor cannot, by injecting into the case his unexpressed mental reservation, make an issue of fact.

3. ——— : ——— : **Measure of Damages: Interest.** The measure of damages for the breach of warranty in the sale of an animal is the difference between the market value of the animal as warranted and its actual value in its real condition at the time and place of sale; to which may be added interest, shipping expenses and medical treatment.

Appeal from Jackson Circuit Court.—*Hon. A. F. Evans,* Judge.

AFFIRMED.

*Flournoy & Flournoy* for appellants.

(1) Reliance upon an express warranty excludes an implied one. Consequently after suing in two counts, one on an express warranty and one on an implied warranty and then on closing his case in chief dismissing as to the count on the implied warranty, plaintiff cannot recover on such an implied warranty. 28 Amer. & Eng. Enc. of Law, p. 741; Norris v. Reinstedler, 90 Mo. App. 629. (2) However there is no implied warranty of health in the sale of any animal nor would there be of a bull that he was a good breeder or a sure server. In order that the jury might have been left in no doubt as to the true issue, defendant's instruction B should have been given, particularly after plaintiff had presented his case on the theory of an implied warranty. Matlock v. Meyers, 64 Mo. 531; Galbreath v. Carnes, 91 Mo. App. 515; Warren v. Buck, 71 Vt. 44; Geroux v. Stedman, 145 Mass. 439. (3) A warranty is a contract; is a contract collateral to the contract of sale and is an agreement to make an assurance good or pay the deficiency. It is not the assurance standing alone. The naked affirmation of a fact is not a warranty, according to the best authorities, is no evidence of a warranty. This intent is to be gathered not from any single statement but from all that

was said and done as well and from all facts and circumstances surrounding the transaction. Consequently plaintiff's instructions numbered 1 and 2 were erroneous. McFarland v. Newman, 9 Watts 55; Figge v. Hill, 61 Ia. 430; Phillips v. Vermillian, 91 Ill. App. 133; Lindsay v. Davis, 30 Mo. 406; Matlock v. Meyers, 64 Mo. 533; Ransberger v. Ing, 55 Mo. App. 621; Anthony v. Potts, 63 Mo. App. 520; Galbreath v. Carnes, 91 Mo. App. 516; Mfg. Co. v. Thompson, 53 Ia. 558; Tuttle v. Brown, 4 Gray 457; Barnes v. Erwin, 10 Iredell (N. C.) 226; Holmes v. Tyson, 147 Pa. St. 305; McLennan v. Ohmen, 75 Cal. 558; Jones v. Quick, 28 Ind. 125. (4) Plaintiff's instruction numbered 1 was grossly erroneous in that the question of warranty as to the bull's being a good breeder and server was taken from the jury and they were directed to find for the plaintiff, "If you find that said bull was not a good breeder and server." See cases cited to Point III. (5) The vice in plaintiff's instructions numbered 1 and 2, are in no wise cured by the proviso that the statements of defendants therein referred to were made as a "part of the contract of sale." Strictly speaking a warranty is no part of a contract of sale. It is a self existent contract, one collateral to the contract of sale. McFarland v. Newman, 9 Watts 55. A representation can be a "part of a contract of sale" and not constitute a warranty. It can be such in the way of mere commendation or description. Bank v. Anderson, 85 Mo. App. 357; Shambaugh v. Current, 111 Ia. 121; Iron Co. v. Pope, 108 N. Y. 232. (6) On a breach of warranty some authorities hold to the rule that the measure of damages is the difference between the actual value and the contract price at the time and place of sale. The rule is generally stated as the difference between the sound value or the value if as warranted and the actual value. The rule has been stated both ways in this State. Miles v. Withers, 76 Mo. App. 91; Courtney v. Boswell, 65 Mo. 199; Layson v.

Wilson, 37 Mo. App. 636. (7) Some authorities declare the measure of damages to be the difference between the value if as warranted and the actual value, not to exceed the contract price. Hook v. Stovall, 30 Ga. 418; Routh v. Caron, 64 Tex. 289. (8) There has, so far as we can find, never been a case in this State where a recovery has been had for more than the contract price, and the rule would seem to be that the contract price is a limit on the amount of recovery for general damages. Small v. Bartlett, 96 Mo. App. 550, l. c. 553; Matheney v. Stewart, 108 Mo. 73; 28 Am. & Eng. Enc. of Law, p. 839; Tatum v. Mohr, 21 Ark. 349, 355; Layson v. Wilson, 37 Mo. App. 640. (9) Plaintiff's instruction numbered 3 on the measure of damages was erroneous as the jury were directed to allow interest on such damages as they found. It was not left to their discretion. A suit for breach of warranty is one for unliquidated damages and it was improper to allow interest, let alone to give a peremptory instruction to find interest. Lewis v. Roundtree, 79 N. C. 122; Tatum v. Mohr, 21 Ark. 349; White v. Miller, 78 N. Y. 393; Mansfield v. Railway, 114 N. Y. 339; Shipman v. State, 44 Wis. 462; Dozier v. Jerman, 30 Mo. 216; Ferry Co. v. Railway, 128 Mo. 254; Nelson v. Hirsch & Son, 102 Mo. App. 498, 516; State ex. rel. v. Hope, 121 Mo. 38; Meyer v. Railway, 64 Mo. 542; Kennedy v. Railway, 63 Mo. 99; Atkinson v. Railway, 63 Mo. 367; Marshall v. Schricker, 63 Mo. 308; Laming v. Peters Shoe Co., 71 Mo. App. 652; Sanderson v. Read, 75 Ill. App. 190; Trimble v. Railway, 180 Mo. 587; Wittenberg v. Mollyneaux, 80 N. W. 824, 59 Neb. 203; R. S. of Mo. 1899, secs. 2869, 3705. The allowance of interest was reversible error. Meyer v. Railway, 64 Mo. 542; Kenney v. Railway, 63 Mo. 99; Snowden v. Waterman, 110 Ga. 99.

*Frank H. Woods, Cyrus Crane* and *Wm. A. Knotts* for respondent.

Plaintiff's instructions numbered one and two correctly state the law. Danforth v. Crookshanks, 68 Mo. App. 316; Carter v. Black, 46 Mo. App. 385; Knoepeker v. Ahman, 99 Mo. App. 32; Mfg. Co. v. Ball, 43 Mo. App. 509; Powell v. Chittick, 89 Iowa 515, 516; McClintock v. Emrick, Stoner & Co., 87 Ky. 164; Smith v. Justice, 13 Wis. 673; Walker v. Hoisington, 43 Vt. 608. (2) Either of the following expressions when made to induce a party to purchase is sufficient to constitute a warranty as to health: (a) Sound; (b) All right in every particular; (c) In perfect health and free from disease. Danforth v. Crookshank, 68 Mo. App. 316; Carter v. Black, 46 Mo. 385; McClintock v. Emerick, Stoner & Co., 87 Ky. 164, 165; Smith v. Justice, 13 Wis. 673, 674; Powell v. Chittick, 89 Ia. 513; Money v. Fisher, 92 Hun. 347; Burdick on Sales (2 Ed.), 1901, ch. 5, p. 131, par. 217; Usher, Sales Personal Property (Ed. 1886), ch. 2, sec. 375, p. 242; 2 Mechem Sales (Ed. 1901), Bk. 5, ch. 5, sec. 1244, p. 1081; Benjamin, Sales (7 Am. Ed.), Bk. 4, Pt. II, ch. 1, Amer. note No. 6, pp. 665, 666; Holmes v. Tyson, 15 L. R. A. 209, 147 Pa. St. 305; Kicher v. Comad, 9 Mont. 191. (3) The measure of damages was properly declared to be the difference between the value of the bull if he had been as warranted and his actual value as he was. Layson v. Wilson, 37 Mo. App. 636, 1. c. 639; Cary v. Gruman, 4 Hill 625; Cathers v. Keever, 4 Pa. St. 168; Seigworth v. Leffel, 76 Pa. St. 476; Himes v. Kiehl, 154 Pa. St. 190; Ash v. Beck 68 S. W. (Tex.), p. 53, 55; Cummins v. Ennis, 56 At. (Del.), 377; Benj. on Sales Per. Prop. (7 Am. Ed.), Bk. 5, Pt. 2, ch. 2 Amer. note, p. 962; 3 Sutherland on Dam. (3 Ed.), par. 2, ch. 14, sec. 670, 671, p. 1976; Searles, Cases on Damages (Ed. 1895), p. 515; Sedgwick on Damages (8 Ed.), sec. 759, p. 466; Burdick on Sales (2 Ed.), ch. 5, sec. 11, p. 213; Ingham on Animals, p.

795; Biddle, Warranties, sec. 333; R. M. Benjamin, Priciples Sales (Ed. 1896), ch. 7, rule 56, pp. 225, 226; 2 Mechem on Sales (Ed. 1901), Bk. 5, ch. 4, secs. 1817, 1818, pp. 1450, 1452; Fields' Laws of Damages (Ed. 1876), sec. 272, p. 257; Wood Wayne on Damages, sec. 224. (4) Interest was properly allowed from the date of demand. Lachner v. Express Co., 72 Mo. App. 13; Trimble v. Railway, 180 Mo. 587; Goodman v. Railway, 71 Mo. App. 460, 1. c., 464; Padley v. Catterlin, 64 Mo. App. 629, 1. c. 647, 648; Ash v. Beck, 68 S. W. Rep. (Tex.) 53, 55; Harvester Wks. v. Bonnallie, 29 Minn. 373, 1. c. 375; Pitsmiowsky v. Hill & Co., 37 Ia. 14; Gammon v. Abrams, 53 Wis. 323; Brown v. Doyle, 69 Minn. 543; Plow Wks. v. Niles, Scott & Co., 82 N. W. (Wis.) 571, 90 Wis. 590; Gray v. Hall, 29 Kas. 505; Smith v. Dunlap, 12 Ill. 184; Rose's Executors v. Bozeman, 41 Ala. 678; Brock v. Clark, 60 Vt. 551; Murray v. Jennings, 42 Conn. 9; Stondenmier v. Wood, 29 Ala. 558; Bonford v. Gould, 35 Ala. 265; Merrick v. Wiltse, 37 Minn. 41; Prentice v. Dike, 6 Duer (N. Y.) 220; Hale on Damages (Ed. 1896), ch. 5, sec. 61; 3 Sutherland on Damages (3 Ed.), part 2, ch. 14, sec. 1, par. 671, p. 1983; 1 Sedgwick on Damages (8 Ed.), ch. 10, sec. 320, p. 469; R. M. Benjamin, Sales (Ed. 1896), ch. 6, rule 54, p. 206; Sutherland on Damages, sec. 670, p. 1976. (4) The necessary expenses of transportation and for medical attendance were a proper element of damages as necessarily in contemplation of the parties. Murphy v. McGraw, 74 Mich. 326; Glidden v. Pooler, 50 Ill. App. 39; Short v. Mattison, 81 Ia. 638; Joy v. Bitzer, 77 Ia. 74; Love v. Ross, 89 Ia. 400; Case Plow Wks. v. Niles, Scott & Co., 90 Wis. 591; Penine v. Sherrell, 30 N. J. Law 455; Biggs & Lucas v. Rumely Co., 96 Ia. 202, 209; Hale on Damages, ch. 3, p. 60.

JOHNSON, J.—Action upon an alleged warranty of a Hereford bull sold by defendant to plaintiff. The

petition contained three counts, the causes of the action pleaded being founded respectively upon express warranty, implied warranty and false and fraudulent representations. At the trial the last two mentioned causes were voluntarily abandoned and the cause went to the jury upon the issue of an express warranty. Plaintiff recovered judgment and defendants appealed.

The contract between the parties involved in the controversy was made in the manner following: Plaintiff, a cattle breeder and raiser doing business in Nebraska, wrote defendants—engaged in like business in Indiana—upon the subject of purchasing a Hereford bull to be used in breeding. Defendants answered by letter under date of July 17, 1899, offering for sale the animal afterwards purchased, and describing him in this language: "Almont will weigh about 2,400 lbs., is a rich dark red, a very little white on top the neck, pure white face, low down long body, straight top and bottom lines, smooth hips, broad and deep in the twist, good in rear and fore flanks, good head with slightly drooping horns, a long silky curly coat, rather extraordinary back and loin, a very quick server and sure getter . . . We have retained this bull and used him extensively in our herd and are still using him. We have a lot of his get . . . We have never before offered this bull for sale, but we have a lot of his get and have a half brother to him. Price, $1,000. Now, if you want a herd bull that is as good as the very best, large and quality from end to end, whose breeding is as good as any contained in the herd books, and you can see a lot of his get and judge of their quality for yourself, you have an opportunity that you will seldom get. He is a better bull than either 'Wild Tom' or 'Salisbury.' "

Shortly after the receipt of this letter, plaintiff went to defendants' place in Indiana to inspect the bull, arriving there on the afternoon of August 9, 1899. On the eleventh the sale was consummated at the price fixed in

the letter. Plaintiff's inspection before closing the trade was most thorough. In appearance the animal seemed to merit the high praise bestowed upon him, and there was nothing to indicate to the eye of experience the presence of a secret malady, nor that the bull was not a "good server and breeder." Defendants were informed that plaintiff desired the bull for the exclusive use of breeding. Plaintiff testified he told them that he needed a bull to head his herd—to do the main work of serving his cows—and defendants assured him that "this bull is just what you want;" that, he is a sure breeder and very active; and that "when we have a cow hard to get in calf we always put her to Almont." When asked about his soundness, defendants asserted, "he is all right in every particular; if he was not we would not sell him to you." Plaintiff said he bought Almont because defendants told him that "he was suitable for me and the bull I wanted and needed, and that he would be a good bull for me. I relied solely on what they wrote and told me, except his general appearance. . . . . I told Mr. VanNatta I didn't know anything about this bull and you have bred him and raised him and have been with him every day and know all about him . . . I told him that I would depend solely upon what he said about the bull."

One of the defendants testified: "We were aware that he wanted a bull for the head of his herd. We wanted to sell him. We knew Mr. Young was anxious to get a bull to put at the head of his herd . . . I talked to Mr. Young about the bull. I told him he was a good breeder and a good server. I told him he was all right in every way as to being a breeding bull and as to pedigree and everything. I said he was all right in every way. I told him that he was sound and was suitable to place at the head of any bunch of Herefords in the country."

The other defendant said: "I knew Mr. Young

wanted a bull to put at the head of a Hereford herd.  I had written Mr. Young full about this bull (the letter above noted) . . . I represented just what I wrote in the letter.  I thought this bull was good enough to head anybody's herd and I did think so . . . I told Mr. Young that Almont was a better bull than 'Wild Tom' or 'Salisbury,' and I say it yet . . . If he hadn't had tuberculosis I would still say he was a good bull."

Plaintiff paid the purchase price and took the bull to his farm in Nebraska.  On the trip the animal met with some rough treatment in the switching of the car in which he rode and appeared somewhat used up. After giving him sufficient time to rest, plaintiff endeavored to use him but found him very slow and unwilling.  He was worthless for breeding, steadily declined in health and died November 8.  A postmortem examination disclosed that his death resulted from tuberculosis of the bowels, and the evidence is convincing that he was infected with this disease at the time of the sale to the extent of making him valueless as a breeder.

The intention of defendants to warrant the soundness of the animal for the purpose of inducing the purchase, and the reliance of plaintiff upon the representations made to that end, are sufficient to constitute an express warranty without the use of formal words. [Carter v. Black, 46 Mo. 384; Danforth v. Crookshanks, 68 Mo. App. 311; Anthony v. Potts, 63 Mo. App. 517; Ransberger v. Ing, 55 Mo. App. l. c. 624; Lindsay v. Davis, 30 Mo. 406.] These facts may be inferred from the nature of the representations made in connection with the circumstances under which the parties dealt. The facts from which an express agreement to warrant should be inferred are the following:

Plaintiff disclosed the special use for which he intended the animal.  Defendant represented his suita-

bility for that purpose, intending thereby to induce the sale. The animal apparently was sound and in every way as represented. Plaintiff was compelled to and did rely upon the representations made with respect to defects not discoverable upon inspection. It was proper to refuse defendants' request for a peremptory instruction.

The claims of error in the action of the trial court in giving instructions numbers one and two on behalf of plaintiff appear to be based upon the idea that the court in effect assumed as proven the fact of warranty, and it is urged that as the contract being in parol essentially rests upon intention it is a fact the existence of which is always a question for the jury. The instructions as framed are free from the criticisms offered even under defendants' conception of the law, with which we do not agree. The office of the jury is to weigh evidence and to decide issues of fact about which reasonable minds might differ; but when an essential fact must be deduced from others, and the basic facts are admitted, and the inference to be drawn therefrom certain and indisputable, the jury has no function to perform, there being nothing for it to act upon. Burdick on Sales, sec. 217; Mechem on Sales, sec. 1244; 2 Benjamin on Sales (7 Ed.), p. 665. When the terms of a contract are definitely known, whether it be in writing or verbal, its interpretation is a matter of law for the court, not a question of fact for the jury. All the facts necessary to constitute an express contract to warrant being admitted by defendants, they cannot, by injecting into the case their unexpressed mental reservations, make an issue of fact. Knowing that the bull was valuable to plaintiff only as a breeder, their positive admitted assurances that he was sound and a good breeder and server cannot be considered as merely commendatory, but must be taken as words of warranty intended, when uttered to be so accepted; and the failure of the animal to

meet the requirements of the contract thus established, either in point of health or in breeding and serving, raised a cause of action in plaintiff's favor. The court would not have committed error had it in the instructions given treated the agreement to warrant as an admitted fact. This conclusion disposes of every point made upon this branch of the case. The court admitted evidence offered by plaintiff fixing the market value of the bull, had it been in the condition as warranted, at a sum exceeding the purchase price paid, and the jury was directed if they found for plaintiff "to allow him as damages the difference, if any, between the value of the bull as it would have been had said bull been of the kind and character as warranted by defendants, or either of them (if you find they did warrant it as defined in another instruction) and its actual value, if any, as shown by the evidence at the time and place of sale." The rule followed is supported by the great weight of authority. [Narr v. Norman — Mo. App. —; Chandelor v. Lapus, Smith's Leading Cases, 1, p. 365; Reggio v. Braggiotto, 7 Cush. (Mass.) 169; Brown v. Weldon, 99 Mo. 1. c. 569; Layson v. Wilson, 37 Mo. App. 636; Sutherland on Damages, sec. 670; Benjamin on Sales (7 Ed.), part 2, p. 962.] But defendants say the recovery should be limited to the purchase price paid. We do not think so. Plaintiff should be compensated for the actual loss sustained through defendant's wrongful breach of contract. The bargain he made, but failed to realize, is a part of his actual loss, for which he must be reimbursed.

Upon the principle that plaintiff should be made whole, it also was proper to direct the allowance of interest and the repayment of expenses incurred in shipping the bull, and for medical treatment employed in an effort to restore the health of the animal. [Galbreath v. Carnes, 91 Mo. App. 515.] Interest from the date of demand is treated in cases of this character as

a part of the actual damage suffered. As observed by one court "to afford the party just compensation, since his damages accrued at a definite time, he must be allowed interest, else the longer the delay the more inadequate his compensation would prove to be." [Harvester Works v. Bennaltie, 29 Minn. 373; Lachner v. Express Co. 72 Mo. App. 13; Sutherland on Damages, sec. 671; Plow Works v. Scott & Co., 90 Wis. 590; Trimble v. Railway, 180 Mo. 587; Padley v. Catterlin, 64 Mo. App. 629; Goodman v. Railway, 71 Mo. App. 464.] We are of the opinion that plaintiff is entitled to such interest as a matter of right.

No error appears in the record. The judgment is affirmed. All concur.