[Civ. No. 4112. Second Appellate District, Division One.—October 25, 1924.]

## W. T. COLE, Appellant, v. W. P. WEBER, Respondent.

[1] SALES—WARRANTY OF NURSERY STOCK—EVIDENCE—FINDINGS.—In this action upon a refusal of payment of a check given in part payment for certain orange trees of nursery stock, wherein the right of recovery in plaintiff depended upon whether or not the trees were warranted by him to be free from scale, although the evidence showed that each of the parties was an experienced nurseryman, that defendant, in company with a deputy horticultural commissioner, visited plaintiff's place of business for the purpose of examining a certain nursery stock of orange trees, and that scale was detected on the trees, from the evidence covering all the negotiations of the parties, which negotiations extended over a period of several days, the trial court was justified in concluding that plaintiff warranted the trees to be clean and free from scale, and that they would be permitted to pass to defendant's place of business in another county, and that defendant relied thereon.

[2] ID.—CREATION OF WARRANTY—UNDERSTANDING OF BUYER.—No particular form of words is necessary to constitute an express warranty; but if from the transaction between the parties the buyer

---

1. Implied warranty on sale of nursery stock, note, **Ann. Cas.** 1913E, 93. See, also, 24 **R. C. L.** 164.

2. Vendor assuming to assert fact of which vendee is ignorant as test of warranty, note, **Ann. Cas.** 1913C, 711.

could reasonably have understood that what was said between him and the seller constituted an affirmation as to the essential qualities of the thing purchased, and the buyer in good faith relied thereon, a warranty was created.

[3] ID.—PRESENCE OF DEFECTS—KNOWLEDGE OF PARTIES—SILENCE OF SELLER—INFERENCES.—Although each of the parties knew that the trees in question were infected with scale, and although plaintiff at the time of the sale made no direct statement to the effect that the orange trees were free from scale, or that they would be "clean" when delivered to defendant, where plaintiff knew that defendant was purchasing, if at all, with the understanding that such would be the case, as they were to be "subject to rigid inspection, and that they must be clean," the fact that upon defendant's statements being made to plaintiff regarding "rigid inspection" which the trees must undergo by the horticultural commissioner of the county to which the trees were to be shipped and the necessity for their being "clean," that they must be defoliated and their roots taped, plaintiff made no reply, is insufficient to relieve plaintiff from the inference that by his silence he gave consent to all such conditions and thereby led defendant in good faith to rely upon such conditions being met by plaintiff prior to the delivery of the trees.

(1) 35 Cyc., p. 464.    (2) 35 Cyc., p. 374.    (3) 35 Cyc., p. 446 (Anno.).

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Guy Knupp for Appellant.

Bowker & Sheridan for Respondent.

HOUSER, J.—This action is predicated upon a refusal of payment of a check given in part payment for 1,387 orange trees of nursery stock. Right of recovery in plaintiff depends upon whether or not the trees were warranted by him to be free from scale. The findings of the trial court were to the effect that the trees were so warranted, but, as a matter of fact, that the trees were so diseased. Judgment was ordered in favor of defendant, and plaintiff appeals therefrom.

[1] Appellant's sole point in substance is that the evidence does not justify the conclusion that plaintiff warranted

the trees to be free from scale and that defendant relied thereon. The negotiations for the purchase of the trees extended over a period of several days. From the evidence it appears that each of the parties was an experienced nurseryman; that defendant, in company with a deputy horticultural commissioner, visited plaintiff's place of business for the purpose of examining a certain nursery stock of orange trees with the ultimate purpose on defendant's part of purchasing same; that scale was detected on the trees, and the question was raised among the persons present as to whether or not the trees, being so infected, would be permitted to pass from Tulare County, where the trees were located, to defendant's place of business in Ventura County. Following a later consultation between defendant and the horticultural commissioner, defendant caused a telephone message to be sent to plaintiff that defendant would take the trees. Shortly thereafter defendant again visited plaintiff with reference to the matter of the purchase of the trees, and then told plaintiff that the horticultural commissioner would permit the trees to be taken into Ventura County "subject to a rigid inspection"; that they must be defoliated, have their roots taped, and must be "clean." Defendant then paid $100 to plaintiff on account of the purchase price of the trees, and furnished plaintiff with a brush with which to clean the trees. Later plaintiff wrote defendant a letter in which he said: "I have the trees topped and the roots taped. The trees are in fine shape, clean and all O. K." Defendant then sent a truck for the purpose of transporting the trees to Ventura County. Defendant testified that immediately before the check in question was given by him to plaintiff, at a place located about one and one-half miles from plaintiff's place of business, defendant met the truck upon which the trees were being transported, and that before accepting the trees he asked plaintiff regarding the condition of the trees and as to whether or not they were "clean" and had been inspected. To which plaintiff replied that "they are all right," and in substance that they were "clean" and had been inspected; furthermore, that he knew that the trees were to be inspected when they arrived in Ventura County. Thereupon defendant "settled with him [plaintiff] then and there on the trees

on that basis," by giving him the check upon which this action was brought.

The trees were found by the horticultural commissioner of Ventura County to be infected with scale and were thereupon rejected by defendant, and later were destroyed because of plaintiff's refusal to receive them.

[2] As is admitted in appellant's brief, no particular form of words is necessary to constitute an express warranty; but if from the transaction between the parties the buyer could reasonably have understood that what was said between him and the seller constituted an affirmation as to the essential qualities of the thing purchased, and the buyer in good faith relied thereon, a warranty was created. (*Griswold* v. *Morrison,* 53 Cal. App. 93 [200 Pac. 62].)

The case of *Polhemus* v. *Heiman,* 45 Cal. 573, is authority for the rule that any affirmation made at the time of sale as to the quality of the thing sold will be treated as a warranty if it was so intended and the purchaser bought on the·faith of such affirmation. To the same effect is the case of *McLennan* v. *Ohmen,* 75 Cal. 558 [17 Pac. 687].

In the case of *Firth* v. *Richter,* 49 Cal. App. 545 [196 Pac. 277], which, like the instant case, involved the purchase of Valencia orange trees, it is said: "Where the circumstances are such as to amount to a representation of fact on the part of the vendor that an article sold is of a particular kind or description, as, for instance, where the buyer in terms asks for a particular kind, and the seller purports to comply with his request, it was said that 'he would probably be held to warrant the article as being of that kind, although he may not have made any declaration in words to that effect.' (*Rauth* v. *Southwest Warehouse Co.,* 158 Cal. 54 [109 Pac. 839, 842].)'" (See, also, *Young* v. *Van Natta,* 113 Mo. App. 550 [88 S. W. 123].)

[3] Although each of the parties hereto knew that the trees in question were infected with scale, ·and although plaintiff at the time of the sale made no direct statement to the effect that the orange trees were free from scale, or that they would be "clean" when delivered to defendant, plaintiff knew that defendant was purchasing, if at all, with the understanding that such would be the case, as they were to be "subject to rigid inspection, and that they must be clean." The fact that upon defendant's statements being

made to plaintiff regarding "rigid inspection" which the trees must undergo by the horticultural commissioner of Ventura County and the necessity for their being "clean," that they must be defoliated and their roots taped—plaintiff made no reply—is insufficient to relieve plaintiff from the inference that by his silence he gave consent to all such conditions and thereby led defendant in good faith to rely upon such conditions being met by plaintiff prior to the delivery of the trees. Plaintiff knew that if the trees were infected with scale and were not "clean," the "rigid inspection" to which they would be subjected by the horticultural commissioner of Ventura County would very likely reveal the fact that they were so infected, and, consequently, that the trees would be rejected and, at the option of plaintiff, either returned to him or destroyed. He knew, too, that defendant was relying upon the trees being in such condition that they would pass such inspection, and that it was defendant's reliance thereon, induced by plaintiff's apparent acquiescence in the conditions outlined by defendant, which led defendant to make the purchase. In such circumstances it must be held that plaintiff made a warranty of the condition of the trees which was relied upon by defendant in making the purchase, and that upon inspection of the trees they did not stand the test.

An examination of the record shows that the evidence is ample to sustain the findings of the court to which appellant objects, and that judgment based upon the conclusions of law from such findings is in accordance with the legal principles to which reference has been had.

No error appearing, it is ordered that the judgment be and the same is affirmed.

Conrey, P. J., and Curtis, J., concurred.