BURCH, J.
 

 The defendants appeal from a judgment in favor of plaintiff for $440 and costs. Plaintiff sues as an assignee to bring action or suit. The assignment was duly executed and received in evidence. The appeal is before us on a settled statement of facts and includes the exhibits received in evidence at the trial.
 

 The settled statement shows these facts which tend to support the judgment. E. R. Walker, plaintiff’s assignor for suit, purchased from defendants a secondhand passenger
 
 *871
 
 bus for $1,100 cash and transfer of a used Chevrolet automobile. During the negotiations leading up to the sale, the defendants wrote Walker a letter about the bus, from which we quote:
 

 “We sent the Engine down for rebuilding but they sent it back and said it was not rebuildable as three of main bearing supports are cracked. They did say though that the engine could be fixed and rebuilt but they couldn’t guarantee how long or how far it would run.
 

 “We therefore feel that the bus should have a new short block, but as this would run about $100.00 more than rebuilding the old block. So if you’ll pay the difference that is of what it will cost us over rebuilding the old block $100 then we will put in the new block and you can have the other block in the deal.
 

 “Would appreciate hearing from you concerning the above as soon as possible so as the mechanic can get the engine back to gather as soon as possible.
 

 “Thanking you for your attention to this matter.
 

 “I remain.
 

 Yours Very Truly /s/ Dick E. C. Jarrett
 

 “P.S. Will send you a resale card as soon as we get some more in?”
 

 Walker communicated to defendants by telephone, accepting the offer, and paid the extra $100.
 

 After the sale was consummated and the bus was delivered to Walker, he resold the same, representing to his purchaser that the bus had been equipped with a new short block. Upon being put into use by the new purchaser, the engine collapsed.
 

 The new purchaser returned the bus to Walker who then discovered that the defendants had failed to put in a new block. Instead, they had put in an old one of 40,000 to 50,000 miles wear and tear, in need of reboring, new bearings and new rings. There were soft sleeved cylinder walls and the motor was patched up with babbitt, lead and tin; it was not a new short block. Walker had a new short block installed at a cost of $390, and spent $50 in taking down and reassembling the engine.
 

 We think a judgment for $440 for breach of contract to install a new short block is warranted by the above proof.
 

 
 *872
 
 Defendants make several contentions on appeal:
 

 (1) That the judgment is not supported by the proof;
 

 (2) That the pleadings do not raise the issue of breach of contract, and that the defendants were misled to their prejudice by certain allegations of fraud in the complaint;
 

 (3) That Walker should have discovered the failure to install a new short block before accepting delivery;
 

 (4) That the damages allowed were special and not general.
 

 The first count of the complaint alleges, in keeping with the facts stated, that Walker bought the bus from defendants and paid therefor $1,500 and “. . . that for the sum of $100.00 additional, the Defendants would remove from the motor of the said bus or coach the old engine block therein and would substitute therefor a new block commonly known in the auto industry as a ‘short block’.” The letter from which we have quoted was attached as an exhibit and made a part of the complaint. “. . . E. R Walker, did accept the said proposal at San Diego, California, and did pay the $1500.00 plus the said $100.00 to the Defendants.”
 

 Walker resold the bus and represented to said purchaser that the “. . . bus had been repaired with a new . . . ‘short block’ . . . fully believing the same to be true . . . That . . . the said auto bus had not been repaired by placing a new . . . ‘short block’ in the motor . . . and the motor in the said auto bus went to pieces and became utterly unuseable right after the said . . . Walker . . . had sold and delivered the same to his said purchaser, . . . the amount of damages occasioned by the falling to pieces of the said motor ... is in the sum of $738.15 in which amount the Plaintiff’s Assignors herein were and are damaged ...”
 

 Both the pleading and proof show a promise for a consideration to install a new short block. Under section 1732 of the Civil Code this is an express warranty if the natural tendency of such promise is to induce the buyer to purchase and if the buyer purchases the goods relying thereon.
 

 “ Under this section no particular words.are necessary to create a warranty, and whether the word ‘warrant’ was used in the parties’ dealings is immaterial
 
 (Chamberlain Co.
 
 v.
 
 Allis-Chalmers Mfg. Co.,
 
 51 Cal.App.2d 520, 522 [125 P.2d 113];
 
 El Zarape Tortilla Factory, Inc.
 
 v.
 
 Plant Food Corp:,
 
 90 Cal.App.2d 336, 345 [203 P.2d 13]); and such was the rule established long before the adoption of the Uniform Sales Act.
 
 (Cole
 
 v.
 
 Weber
 
 (1924), 69 Cal.App. 394, 397 [231
 
 *873
 
 P. 353].) ”
 
 (Stott
 
 v.
 
 Johnston,
 
 36 Cal.2d 864, 869, 870 [229 P.2d 348, 28 A.L.R.2d 580].)
 

 The letter of the defendants quoted above offered to install a new short block for an additional $100. The record shows a clear and unequivocal acceptance of the offer and payment of the consideration. This evidences the promise of defendants and plaintiff’s reliance upon the promise. (See Williston on Sales, rev. ed., vol. 1, § 194, p. 498.) We conclude that the defendants’ attack upon the sufficiency of the evidence is without merit. Defendants breached their obligation to install a new short block. Had they not done so they would have fulfilled their contract.
 

 Defendants contend that the court adopted an incorrect rule of damages. For breach of warranty the buyer may hold the seller for damages notwithstanding acceptance of the goods, provided that he gives notice of such breach within a reasonable time (Civ. Code, § 1769).
 

 There can be no doubt here that the notice was sufficient in form and content and given within a reasonable time. By the particular circumstances of this case there was no opportunity for the plaintiff’s assignor to discover the breach until there was occasion to tear down the engine. That occasion obviously would not arise until repairs were needed. As said in
 
 Whitfields. Jessup,
 
 31 Cal.2d 826, 831 [193 P.2d 1]:
 

 “. . . ‘It may be taken as axiomatic that what constitutes a reasonable time must be determined from the particular circumstances in the individual case’ ...”
 

 As was here alleged and proved, the buyer sold to a third party with the warranty that a new short block had been installed. Within 30 days after delivery plaintiff’s assignor gave notice to defendants of the breach. We cannot say as a matter of law that the notice was not within a reasonable time.
 

 The court employed a proper rule of damages. As stated in
 
 Grupe
 
 v.
 
 Glick,
 
 26 Cal.2d 680, 689 [160 P.2d 832]:
 

 “... it is generally held .that, in an action against the seller for a breach of warranty of quality, the purchaser may recover damages for money and time spent in reasonable efforts to make the machine conform to the warranty under which it was sold” (citations) “and, in addition, where the purchaser resells the machine with a warranty similar to that made by his seller, without knowledge that the machine is ununsuitable for the purpose for which it was designed, he may recover the amount for which he is liable to his subpurchaser. . . .
 

 
 *874
 
 “As it may be assumed that the buyer will spend time and money in reasonable efforts to make defective goods conform to their warranty, the amounts incurred or paid for that purpose should be considered as being within the contemplation of the parties at the time of the original contract of sale and, because such damages proximately result from the breach of warranty and can be ascertained with reasonable certainty, they are allowable.”
 

 So, in the case at bar, the allowance for the reasonable cost of bringing the bus up to the promise is allowable.
 

 The complaint makes certain allegations of a fraudulent representation. Since the gist of the action was the breach of the promise of the seller, irrespective of any conscious deceit on his part, it probably was not necessary to allege that defendant knew his affirmation was false, and so the proof of those allegations was not necessary. (See Williston on Sales, rev. ed., vol. 1, § 197 et seq.) The allegations are consistent with the history of an action on the ease for breach of warranty though not now required.
 

 We find no error, and the judgment is therefore affirmed.
 

 Turrentine, P. J., and Glen, J., concurred.